## In re GRAPHICS PROCESSING UNITS ANTITRUST LITIGATION

**Bryan Schindelheim v. Advanced Micro Devices, Inc., et al., C.D. California, C.A. No. 2:06-7803**

**Henry Truong v. Nvidia Corp., et al., N.D. California, C.A. No. 3:06-7417**

**Trong Nguyen v. Nvidia Corp., et al., N.D. California, C.A. No. 3:06-7418**

**Judd Eliasoph v. Nvidia Corp., et al., N.D. California, C.A. No. 3:06-7449**

**Stephanie Truong v. Nvidia Corp., et al., N.D. California, C.A. No. 3:06-7451**

**Rhonda Aldrich v. Nvidia Corp., et al., N.D. California, C.A. No. 3:06-7494**

**Justus Austin v. Nvidia Corp., et al., N.D. California, C.A. No. 3:06-7526**

**No. MDL–1826.**

---

\* Judge Scirica took no part in the disposition of this matter.

1. The Panel has been notified of over 35 additional related actions pending in multiple districts. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

Judicial Panel on Multidistrict Litigation.

April 18, 2007.

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA,\* Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of one action pending in the Central District of California and six actions pending in the Northern District of California. Plaintiffs in four of the actions pending in the Northern District of California move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in that district.[1] All responding parties support centralization. The three responding defendants, joined by plaintiffs in five Northern District of California potential tag-along actions, concur in movants' suggestion of the Northern District of California as transferee forum. Plaintiffs in the three other constituent actions, however, favor selection of the Central District of California, as do plaintiffs in five potential tag-along actions pending in that district and plaintiff in one potential tag-along action pending in the Northern District of California.[2]

---

2. Certain other responding parties initially suggested that the Panel select either the Eastern District of Tennessee or the District of South Carolina, but withdrew those suggestions at oral argument.

On the basis of the papers filed and hearing session held, the Panel finds that these seven actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All these actions involve common factual allegations concerning defendants' alleged conspiracy to fix the price of graphics processing units, which are a type of specialized semiconductor. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Northern District of California is an appropriate transferee forum in this docket. Over twenty of the actions of which the Panel has been notified have been brought in that district. Also, because two of the defendants have their principal places of business there, relevant documents and witnesses are likely located in the San Francisco area.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the one action pending outside the Northern District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable William H. Alsup for coordinated or consolidated pretrial proceedings with the actions pending in that district.

---

\* Judge Scirica took no part in the decision of this matter.